# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Gainesville Division

| | | |
|---|---|---|
| ANNIE LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| TIMOTHY HOLBROOK, in his | ) | |
| individual capacity, TIM HATCH, | ) | |
| Oakwood City Police Chief, in his | ) | |
| Official Capacity, and the CITY OF | ) | |
| OAKWOOD, a Municipality, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Annie Lloyd, who brings this action for monetary relief, instituted to secure the protection of rights secured through 42 U.S.C. §§1983 and 1988 for violations of Plaintiff's Fourth Amendment rights, as well as state tortious conduct and remedies, and Plaintiff requests relief for the deprivation of those rights, privileges, or immunities secured by the Constitution and laws of the United States, and seeks monetary damages for the violation of her civil rights by the Defendants.

## INTRODUCTION

1.

~ 1 ~

Law enforcement is legally required to use a level of force that is proportional to the level of threat they are facing and intervene to protect a citizen/suspect's constitutional rights when officers exceed that proportionality. This case involves the excessive use of force against Ms. Annie Lloyd an unarmed, non-threatening citizen of Hall County, Georgia who on September 24, 2022, called police seeking assistance concerning a dispute with a friend, and trying to get a ride home. Oakwood City Police Department law enforcement officers were dispatched in response.

2.

On September 24, 2022, inexplicably, and suddenly and without warning, Officer Holbrook grabbed Ms. Lloyd by the arm, and partially picked her up and slammed her face first into the pavement with his weight landing on top of Ms. Lloyd knocking her unconscious causing serious and painful bodily injuries to Ms. Lloyd.

3.

Here, the facts show a) the amount of force Officer Holbrook used was not necessary or objectively reasonable given the circumstances, and b) one or more of Officer Holbrook's supervisors failed to adequately train him.

4.

Based on the following facts and causes of action, Plaintiff respectfully asks

this Court to hold Defendant Officer Holbrook accountable for his actions or inaction and provide just compensation to Plaintiff Annie Lloyd.

## PARTIES, JURISDICTION, AND VENUE

5.

Plaintiff Annie Lloyd ("Plaintiff" or "Ms. Lloyd") and at the time of the incident described herein resided in Hall County, Georgia. Ms. Lloyd now resides in Arkansas. Ms. Lloyd avails herself of the jurisdiction and venue of this Court.

6.

Defendant, City of Oakwood ("the City" or "the City of Oakwood") is a body corporate, organized and established as a municipality by operation of the laws of Hall County, State of Georgia, and is subject to suit. The City of Oakwood Police Department is an agency of Defendant City and through its policymakers has final approval over policies implemented by the City. Upon information and belief, Defendant City has waived its governmental immunity for the conduct of Oakwood City Police officers by obtaining insurance coverage that will indemnify Defendant Holbrook from the claims in this case. Accordingly, Defendants City and Defendant Holbrook have waived any governmental or public officer immunity they might claim.

7.

Defendant Tim Hatch ("Chief Hatch") at the time of the incident set forth in

~ 3 ~

this Complaint was and still is the Chief of Police for the City of Oakwood, Georgia. Upon information and belief, Chief Hatch is and was at all relevant times a citizen of the United States, the State of Georgia, and the City of Oakwood. At all relevant times, Chief Hatch was employed by the City of Oakwood as the duly appointed Chief of Police, was acting in his official capacity, was acting under color of state law, and was acting within the scope of his employment with the City of Oakwood. The City of Oakwood Police Department is led by Chief Hatch, who is bestowed with the following authority:

   a. Chief Hatch is and was at all relevant times the final policymaker as it relates to the implementation of police policies and practices.

   b. Chief Hatch is and was at all relevant times the final policymaker as it relates to the implementation of police hiring and assignment to specialized units within the Oakwood City Police Department.

   c. Chief Hatch is and was at all relevant times the final policymaker as it relates to the implementation and oversight of police training.

   d. Chief Hatch is and was at all relevant times the final policymaker as it relates to the implementation and oversight of police supervision.

   Chief Hatch may be served at 4035 Walnut Circle, Oakwood, GA 30566, Hall County, Georgia.

8.

Defendant Timothy Holbrook ("Defendant Holbrook" or "Officer Holbrook") at the time of the incident set forth herein was an employee of the City of Oakwood Police Department in Hall County, Georgia. Defendant Holbrook is sued in his individual capacity. Defendant Holbrook was a sworn member of the City of Oakwood Police Department and was acting under the color of law and pretense of of the statutes, ordinances, regulations, the customs and usages of the City of Oakwood and the City of Oakwood Police Department where he was under the authority of his office within the scope of his employment. Defendant Holbrook resides in Hall County, Georgia, at 1324 Foothills Parkway, N.E., Gainesville, GA 30501. Officer Holbrook may be served at that address.

9.

At all times relevant to this Complaint, Defendant Holbrook was employed as a law enforcement officer for the City of Oakwood Police Department, State of Georgia. Defendant Holbrook is sued in his individual capacity.

10.

This lawsuit is brought pursuant to 42 U.S.C. § 1983 to remedy the violation of Plaintiff's constitutional rights to be free from excessive use of force as provided by the Fourth Amendment to the United States Constitution.

11.

Venue in this district and division is proper under 28 U.S.C. § 1391 as one or more Defendants are located in the Northern District of Georgia, Gainesville Division, and the conduct complained of herein occurred in Hall County, Georgia and therefore within this judicial district and division.

12.

This Court has original jurisdiction under 28 U.S.C. §§ 1331 & 1343 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

13.

Venue is proper before this Court pursuant to 28 U.S.C. §1391(b).

**FACTUAL BACKGROUND**

14.

On September 24, 2022, Ms. Annie Lloyd and her daughter, Kaylie, decided to go to the tattoo parlor Phenom Ink.

15.

Ms. Lloyd suggested they go to the tattoo parlor for her daughter to get a small tattoo, which they decided to do.

16.

Ms. Lloyd also called her friend, Jasmine Crews, and asked if she wanted to go with them to Phenom Ink, a tattoo parlor in Oakwood, Georgia.

17.

On September 24, 2022, Ms. Crews agreed, and Ms. Lloyd drove them all to Phenom Ink tattoo parlor.

18.

While at the tattoo parlor, Ms. Lloyd and her daughter were still upset about the breakup and Ms. Lloyd became intoxicated.

19.

Ms. Lloyd, Kaylie, and Ms. Crews were at the Phenom Ink tattoo parlor for an extended amount of time.

20.

At some point, Kaylie received a call from one of her friends asking if she wanted to go someplace with them. Kaylie decided to go with her friends and she left the tattoo parlor.

21.

A short time later Ms. Crews decided that she was ready to leave the tattoo parlor.

22.

Ms. Lloyd also agreed it was time to leave the tattoo parlor, however, Ms. Lloyd and Ms. Crews then began arguing about whether Ms. Lloyd or Ms. Crews

should drive.

23.

Ultimately, Ms. Lloyd and Ms. Crews agreed that Ms. Lloyd should not drive, because she was intoxicated.

24.

Ms. Lloyd did not want Ms. Crews driving her car, and their argument became extremely heated to the point of Ms. Crews slapping Ms. Lloyd in the face.

25.

Ms. Crews took Ms. Lloyd's car keys.

26.

Oakwood Police Department were called and Sargent John Murray, Officer Carrie Washington and the Defendant Officer Tim Holbrook responded to the scene.

27.

Officer Holbrook began speaking to individuals at the scene.

28.

When Officer Holbrook began talking to Ms. Crews to get her side of the story, Ms. Lloyd wanted to speak with Officer Holbrook as well to tell her side of the story.

29.

Officer Holbrook told Ms. Lloyd that he would talk with her momentarily.

30.

Ms. Lloyd was persistent in wanting to talk with Officer Holbrook right away.

31.

Officer Holbrook and Ms. Lloyd were going back and forth with Officer Holbrook telling Ms. Lloyd to stop interrupting and eventually telling Ms. Lloyd to go to another location and wait for him.

32.

Ms. Lloyed continued to try and give her side of the story to Officer Holbrook.

33.

Officer Holbrook and Sargent Murray tried to get both Ms. Lloyd and Ms. Crews to find a way to go home.

34.

Officer Holbrook and Ms. Lloyd's interaction became heated.

35.

Suddenly and without warning, Officer Holbrook grabbed Ms. Lloyd by the arm, and partially picked her up and slammed her face first into the pavement with

his weight landing on top of Ms. Lloyd knocking her unconscious causing serious and painful bodily injuries to Ms. Lloyd.

36.

Officer Holbrook never told Ms. Lloyd that she was under arrest.

37.

Ms. Lloyd is 5 feet 5 inches tall and weighed 115 pounds, while Officer Holbrook is 6 feet two inches tall and weighed 300 pounds. Because of the physical disparities in size and strength between Ms. Lloyd and Defendant Holbrook, Ms. Lloyd could not have posed any risk of harm to Defendant Holbrook.

38.

At no time was Ms. Lloyd a threat to Officer Holbrook.

39.

Ms. Lloyd was brutally knocked unconscious and seriously injured by Officer Holbrook.

40.

The entire encounter was captured on body worn camera(s).

41.

While Ms. Lloyd lay on the ground unconscious, Officer Holbrook brought her arms around to her back and handcuffed her from behind.

42.

Sargent Murray and Officer Holbrook then began trying to get Ms. Lloyd to respond and revive Ms. Lloyd from her state of unconsciousness.

43.

After several minutes, Ms. Lloyd slowly regained consciousness.

44.

Ms. Lloyd slowly tried to get up and just then realized that she was handcuffed.

45.

The officers picked Ms. Lloyd up to her feet and she was put in a patrol vehicle.

46.

While waiting for EMS to arrive, Ms. Lloyd began crying due to the pain she was in.

47.

When EMS arrived, they checked Ms. Lloyd's condition. She was alert and oriented, however when asked where she was, she stated "at home".

48.

Ms. Lloyd complained of pain to her face and requested to be transported to the hospital.

49.

The City Oakwood Police Department conducted an extensive investigation into Officer Holbrook's actions on September 24, 2022.

50.

The Oakwood Police Department investigation found that Officer Holbrook used excessive force on Ms. Lloyd.

51.

The Oakwood City Police Department further determined that the excessive use of force used by Officer Holbrook against Ms. Lloyd supported terminating Officer Holbrook from the Oakwood Police Department.

52.

On November 21, 2022, Officer Holbrook, having learned of Oakwood City Police Department's decision to terminate him made the decision to resign in lieu of termination.

**FEDERAL CLAIMS**

**COUNT I:  VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C.**
**§1983 (USE OF EXCESSIVE FORCE-Defendant Holbrook)**

53.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-52, as if fully set forth herein.

54.

This cause of action, Count I, is brought against Defendant Holbrook in his individual capacity through 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth Amendment of the United States Constitution.

55.

Section 1983 provides a cause of action for plaintiff(s) who have suffered "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

56.

On September 24, 2022, Defendant Holbrook was working as an on- duty City of Oakwood Police Department Law Enforcement Officer when he engaged Ms. Lloyd while acting under the color of law within the meaning of 42 U.S.C. §1983.

57.

Like all graduates of academies approved by the Georgia Peace Officers Standards and Training ("POST"), the basic training Defendant Holbrook received at the POST Training Center in Georgia, covered multiple legal issues, including but not limited to when a police officer can arrest someone, and how a police officer is to arrest someone.

58.

Defendant Holbrook knew or should have known his conduct and use of force against Ms. Lloyd on September 24, 2022, violated Ms. Lloyd's well established Fourth Amendment right to be free from unreasonable searches and seizures, which includes the right to be free from the use of excessive force.

59.

It is settled law that the use of any force violates clearly established law when officers do not suspect that the individual committed a serious crime and he or she did not pose an immediate threat of harm and or resist arrest.

60.

It is well settled law that law enforcement officers cannot use force that is unnecessary to any legitimate law enforcement purpose:

    a. Defendant Holbrook did not suspect that Ms. Lloyd was somehow connected with criminal activity or had committed a crime, that she was dangerous to herself or others, resisting arrest, or attempting to escape.

    b. Defendant Holbrook did not have probable cause to arrest Ms. Lloyd.

    c. Defendant Holbrook inexplicably, and suddenly and without warning, grabbed Ms. Lloyd by the arm, partially picked her up and

slammed her face first into the pavement with his weight landing on top of her knocking her unconscious causing serious and painful bodily injuries to Ms. Lloyd, such actions constituting the use of excessive force.

61.

Based on the preceding, Defendant Holbrook's use of force was not necessary or objectively reasonable.

62.

Defendant Holbrook's use of force was not necessary or objectively reasonable as evidenced by the fact that his conduct violated at least several departmental policies.

63.

One or more law enforcement cameras captured video that supports Plaintiff's description of events herein and this claim.

64.

Officer Holbrook's use of excessive force violated Ms. Lloyd's constitutional rights and caused Ms. Lloyd to suffer physical injury, as well as past, present, and future pain and suffering; more than $103,000.00 in medical bills; past and ongoing emotional distress; and lost income, with such medical care and treatment continuing.

65.

Based on the preceding, reasonable jurors could conclude that given the circumstances, the amount of force Defendant Holbrook used was not necessary, proportional, or objectively reasonable; Holbrook knew or reasonably should of have known that the force he used violated Ms. Lloyd's federally protected constitutional rights; Officer Holbrook was plainly incompetent; or Holbrook's actions were done with a reckless indifference and a callous disregard for Ms. Lloyd' s constitutional rights and well-being.

66.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against Defendant Holbrook in his individual capacity; (2) award Plaintiff compensatory damages arising out of the Defendant Holbrook's use of excessive force consistent with federal common law remedies, including but not limited to, Special Damages in excess of $103,000.00, and General Damages for past, present, and future pain and suffering and sufficient damages to compensate Plaintiff for lost future earning capacity and to vindicate her valuable intangible constitutional rights violated by Defendant; (3) punitive damages, (4) award Plaintiff attorney's fees, expert witness fees, court costs, and interest as allowed by law; and (5) award Plaintiff all other relief deemed proper by the Court.

67.

As a direct and proximate result of Defendant's violations of Ms. Lloyd's constitutional rights, Ms. Lloyd sustained significant and permanent bodily injury, ultimately requiring past, present, and future medical treatment.

**COUNT II: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (UNLAWFUL SEIZURE-Defendant Holbrook)**

68.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-67, as if fully set forth herein.

69.

This cause of action, Count II, is brought against Defendant Holbrook in his individual capacity, through 42 U.S.C. §§ 1983 and 1988, for violations of the Fourth Amendment of the United States Constitution.

70.

On September 24, 2022, Defendant Holbrook was working on duty, as a City of Oakwood Police Department Law Enforcement Officer when he engaged Ms. Lloyd while acting under the color of law within the meaning of 42 U.S.C. §1983.

71.

Like all graduates of academies approved by the Georgia Peace Officers Standards and Training ("POST"), the basic training Defendant Holbrook received

~ 17 ~

at the POST Training Center in Georgia, covered multiple legal issues, including but not limited to when a police officer can arrest someone, and how a police officer is to arrest someone.

72.

Defendant Holbrook knew or should have known his grabbing, body slamming, handcuffing and custody of Ms. Lloyd violated her well-established Fourth Amendment right to be free from unreasonable seizures.

73.

Ms. Lloyd was simply wanting to tell Officer Holbrook her side of the story, before Officer Holbrook's use of excessive force was deployed on Ms. Lloyd.

74.

Defendant Holbrook handcuffed  Ms. Llyod  without  reasonable suspicion or probable cause to believe there was a chance she was linked to criminal activity or engaged in criminal activity.

75.

As such, Defendant Holbrook illegally restrained and seized Ms. Lloyd for an unjustifiable lengthy period.  Defendant Holbrook illegally seized Ms. Lloyd.

76.

That night, Ms. Lloyd was arrested, taken to the hospital, and then taken to the jail.

77.

One or more law enforcement cameras captured video that supports Plaintiff's description of events herein and this claim.

78.

The handcuffing of Ms. Lloyd, and Defendant Holbrook's subsequent custody of Ms. Lloyd, constituted an unreasonable seizure in violation of Ms. Lloyd's Fourth Amendment rights.

79.

As a result of Defendants' unlawful seizure of Ms. Lloyd, Ms. Lloyd suffered violations of her constitutional rights; she experienced pain and suffering; and past and ongoing emotional distress, and required medical treatment, with such medical treatment ongoing.

80.

Based on the preceding, reasonable jurors could conclude that given the circumstances, Defendant Holbrook knew or reasonably should have known that his restraint and custody of Ms. Lloyd for such an unreasonable amount of time violated Ms. Lloyd 's federally protected constitutional right to be free from unlawful seizure; Officer Holbrook was plainly incompetent; or his actions or inactions perpetrated a reckless indifference and a callous disregard for Ms. Lloyd's constitutional rights.

81.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against Defendant Holbrook in his individual capacity; (2) award Plaintiff compensatory damages arising out of the Defendant Holbrook's unlawful seizure of Ms. Lloyd consistent with federal common law remedies, including but not limited to, Special Damages in excess of $103,000.00, and General Damages for past, present, and future pain and suffering, and sufficient damages to compensate Plaintiff for lost future earning capacity and to vindicate her valuable intangible constitutional rights violated by Defendant; (3) punitive damages, (4) award Plaintiff attorney's fees, expert witness fees, court costs, and interest as allowed by law; and (5) award Plaintiff all other relief deemed proper by the Court.

82.

As a direct and proximate result of Defendant's violations of Ms. Lloyd's constitutional rights, Ms. Lloyd sustained significant and permanent bodily injury, ultimately requiring past, present, and future medical treatment.

**COUNT III: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (UNLAWFUL SEARCH-Defendant Holbrook)**

83.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-

82, as if fully set forth herein.

84.

This cause of action, Count III, is brought against Defendant Holbrook in his individual capacity through 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth Amendment of the United States Constitution.

85.

Section 1983 provides a cause of action for plaintiff(s) who have suffered "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

86.

On September 24, 2022, Defendant Holbrook was working as an on- duty City of Oakwood Police Department Law Enforcement Officer when he engaged Ms. Lloyd while acting under the color of law within the meaning of 42 U.S.C. §1983.

87.

Like all graduates of academies approved by the Georgia Peace Officers Standards and Training ("POST"), the basic training Defendant Holbrook received at the POST Training Center in Georgia, covered multiple legal issues, including but not limited to when a police officer can arrest someone, and how a police officer is to arrest someone.

88.

Defendant Holbrook unlawfully searched Ms. Lloyd's person without consent, without a warrant or reasonable suspicion or probable cause to believe a) Ms. Lloyd was connected to criminal activity or that she had committed a crime, or b) Ms. Lloyd was dangerous to herself or that he was dangerous to law enforcement or others.

89.

Defendant Holbrook knew or should have known his search of Ms. Lloyd's person violated Ms. Lloyd's well-established Fourth Amendment right to be free from unreasonable searches.

90.

One or more cameras captured video that supports Plaintiff's description of events herein and this claim.

91.

Based on the preceding, reasonable jurors could conclude that given the circumstances, Officer Holbrook knew or reasonably should of have known that their search of Ms. Lloyd's person was unreasonable and violated her federally protected constitutional right to be free from unlawful searches; Defendant Holbrook was plainly incompetent; or his actions or inactions were perpetrated a reckless indifference and a callous disregard for Ms. Lloyd's constitutional rights.

92.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against Defendant Holbrook in his individual capacity; (2) award Plaintiff compensatory damages arising out of the Defendant Holbrook's unlawful search of Ms. Lloyd consistent with federal common law remedies, including but not limited to, Special Damages in excess of $103,000.00, and General Damages for past, present, and future pain and suffering, and sufficient damages to compensate Plaintiff for lost future earning capacity and to vindicate her valuable intangible constitutional rights violated by Defendant; (3) punitive damages, (4) award Plaintiff attorney's fees, expert witness fees, court costs, and interest as allowed by law; and (5) award Plaintiff all other relief deemed proper by the Court.

93.

As a direct and proximate cause of Defendant's violations of Ms. Lloyd's constitutional rights, Ms. Lloyd sustained significant and permanent bodily injury, ultimately requiring past, present, and future medical treatment.

**COUNT IV: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (MONELL CLAIM-Failure to Train-Chief Hatch and City of Oakwood)**

94.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-93, as if fully set forth herein.

95.

The Police Chief of the City, is the official with policymaking authority for the City of Oakwood regarding policing and police policies and practices relating to training.

96.

In his official capacity, Chief Hatch's actions and inactions are those of the City of Oakwood.

97.

The City of Oakwood, through the City of Oakwood Police Department and its Chief, had a duty to train its police officers on the constitutional bounds of their police duties.

98.

Specifically, the City of Oakwood had a duty to train members of its police units meant to handle stops, use of force, searches and seizures, misdemeanor crime, violent crime, and vehicular crimes on the constitutional bounds of their job.

99.

The City of Oakwood had a duty to train members of its police units meant to handle stops, use of force, search and seizures, misdemeanor crime, violent crime,

and vehicular crimes on the predictable and foreseeable situations they would encounter that would implicate the Constitutional rights of citizens of Oakwood and Hall County.

100.

The City of Oakwood had a duty to train members of its police units meant to handle stops, use of force, search and seizures, misdemeanor crime, violent crime, and vehicular crimes beyond the ordinary academy training.

101.

The City of Oakwood was aware that it had placed inexperienced officers on the patrol with the retirement and departure of older members of the force.

102.

The City of Oakwood was aware that it did not have enough senior staff members training the new officers.

103.

The City of Oakwood was aware that rookie and otherwise inexperienced officers were placed on patrol, where they had no business serving and were bound to violate the constitutional rights of Oakwood and Hall County citizens without proper training and guidance.

104.

The City of Oakwood had a widespread practice or custom of failing to train

its officers in the common, routine, and foreseeable tasks that officers had to perform and, specifically, the constitutional limits of permissible stops and seizures, and engagement with individuals suspected of crime and property theft, among other things.

105.

The City of Oakwood had a practice of failing to train its officers, in particular Officer Holbrook, on patrol, on the following:

   a.  The constitutional parameters on the use of force;

   b.  The constitutional parameters on the intervention to prevent the use of unreasonable force;

   c.  The constitutional parameters on the intervention to prevent the use of unreasonable force;

   d.  The constitutional parameters on police citizen encounters;

   e.  The constitutional parameters on conducting *Terry* stops;

   f.  The constitutional parameters on search and seizure;

   g.  The Fourth Amendment to the United States Constitution; and

   h.  De-escalation with citizens.

106.

The City of Oakwood's failure to train in the aforementioned areas constituted an official custom or policy.

107.

The City of Oakwood was aware and on notice of this pattern of lack of training, but continued to allow Officer Holbrook to operate.

108.

The City of Oakwood was deliberately indifferent to the consequences of their failures to train and to civil rights violations that were obvious, predictable, and readily foreseeable as a result.

109.

The City of Oakwood failed to equip its officers in patrol, with the training to handle situations that were bound to occur during the course of their specific job responsibilities.

110.

The need for training Officers, in particular in this matter Officer Holbrook on the constitutional bounds of his job was so obvious that the City of Oakwood knew or should have known that if training was not provided, then it was highly predictable and likely to result in the violation of citizens' constitutional rights.

111.

The City of Oakwood's failure to train its officers was the moving force behind:

a. The unlawful and unconstitutional stop made by

Defendant Holbrook against Ms. Lloyd;

b. The excessive, unconstitutional, and excessive force used by Defendant Holbrook;

c. The failure of other Officers to intervene in the excessive, unconstitutional, and force used by Defendant Holbrook against Ms. Lloyd;

d. The harms inflicted against and injuries suffered by Ms. Lloyd;

e. The constitutional violations complained of in in this Complaint.

## 112.

Ms. Lloyd's injuries were a highly predictable consequence of the City of Oakwood's failure to train its officers.

## 113.

Ms. Lloyd's injuries were a direct, foreseeable, and proximate result of the City of Oakwood's failure to train its officers.

## 114.

As a direct and proximate result of the City of Oakwood's failure to train its officers in the aforementioned areas, Ms. Lloyd suffered compensatory and special damages as defined under federal common law and in an amount to be determined

by a jury.

115.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against the City of Oakwood, Chief Hatch in his Official capacity, and Defendant Holbrook in his individual capacity; (2) award Plaintiff compensatory damages arising out of the Defendant Holbrook's use of excessive force, unlawful search and seizure on Ms. Lloyd consistent with federal common law remedies, including but not limited to, Special Damages in excess of $103,000.00, and General Damages for past, present, and future pain and suffering, and sufficient damages to compensate Plaintiff for lost future earning capacity and to vindicate her valuable intangible constitutional rights violated by Defendant; (3) punitive damages, (4) award Plaintiff attorney's fees, expert witness fees, court costs, and interest as allowed by law; and (5) award Plaintiff all other relief deemed proper by the Court.

## STATE CLAIMS

### A.   COUNT V: BATTERY (Officer Holbrook)

116.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-115, as if fully set forth herein.

117.

At all times relevant to Ms. Lloyd's State claims against Officer Holbrook, Ms. Lloyd filed an *ante litem* notice to the City of Oakwood, Georgia.

118.

Officer Holbrook's use of excessive force against Ms. Lloyd was willful, not negligent or wanton.

119.

This cause of action, Count IV, is brought against Defendant Holbrook in his individual capacity.

120.

Suddenly and without warning, Officer Holbrook grabbed Ms. Lloyd by the arm, and partially picked her up and slammed her face first into the pavement with his weight landing on top of Ms. Lloyd knocking her unconscious causing serious and painful bodily injuries to Ms. Lloyd.

121.

By virtue of the facts described herein, the actions of Officer Holbrook constitute battery under Georgia law; a violation of Article I, Paragraph XIII of the Constitution of the State of Georgia; and abuse in being arrested in violation of Article I, Paragraph XVII of the Constitution of the State of Georgia.

122.

Officer Holbrook acted with actual malice and an intent to injure Ms. Lloyd using deadly and excessive force such that he is not entitled to official immunity under state law.

123.

As a result of Officer Holbrook's unlawful conduct, Ms. Lloyd sustained suffered serious bodily injuries.

124.

Officer Holbrook's battery of Ms. Lloyd caused her to suffer physical injury; past and ongoing pain, and suffering; more than $103,000.00 in medical bills; past and ongoing emotional distress; disability; and lost income.

125.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against Defendant Holbrook; (2) award Plaintiff compensatory damages and special damages; (3) award Plaintiff General Damages (4) award Plaintiff punitive damages; and (5) award Plaintiff all other relief deemed proper by the Court.

**B.    COUNT VI: FALSE IMPRISONMENT (Officer Holbrook)**

126.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-

125, as if fully set forth herein.

127.

This cause of action, Count VII, is brought against Defendant Holbrook in his individual capacity.

128.

Officer Holbrook grabbed Ms. Lloyd and body slammed her face first into the pavement, and then handcuffed Ms. Lloyd.

129.

Officer Holbrook restrained Ms. Llyod in handcuffs for a long period of time, illegally seized, and illegally searched Ms. Lloyd's person for a reason for Ms. Lloyd's arrest so that he could use as an excuse to justify his mistreatment of Ms. Lloyd.

130.

Each of the preceding, individually and in their totality, demonstrates that Defendant Holbrook maliciously and or in bad faith falsely imprisoned Ms. Lloyd.

131.

Defendant Holbrook's beating of Ms. Lloyd caused her to suffer physical injury, past and ongoing pain, and suffering; more than $103,000.00 in medical bills; past and ongoing emotional distress; disability; and lost income.

~ 32 ~

132.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against Defendant Holbrook; (2) award Plaintiff compensatory damages and special damages; (3) award Plaintiff General Damages (4) award Plaintiff punitive damages; and (5) award Plaintiff all other relief deemed proper by the Court.

**C.    COUNT VII: NEGLIGENCE (Officer Holbrook, City of Oakwood)**

133.

Plaintiff incorporates by reference the allegations contained in paragraphs 1-132, as if fully set forth herein.

134.

In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances.  A plaintiff may bring a negligence claim for an officer's alleged failure to intervene to prevent the use of excessive force.

135.

In order to prevail on a claim for negligence, the Plaintiff/injured party must demonstrate: (1) that there was a duty of care owed to the injured party by the alleged negligent party; (2) that the duty was breached, (3) that there's an "actual

causal" connection linking the conduct of the defendant and the harm that resulted, or "proximate causation" relating to the harm; and (4) that actual harm or damages resulted from the conduct of the defendant.

136.

Officer Holbrook owed a duty of care to Ms. Lloyd to act as a reasonably prudent peace officer. Officer Holbrook breached that duty when suddenly and without warning, Officer Holbrook grabbed Ms. Lloyd by the arm, and partially picked her up and slammed her face first into the pavement with his weight landing on top of Ms. Lloyd knocking her unconscious causing serious and painful bodily injuries to Ms. Lloyd.

137.

Officer Holbrook's actions were the cause in fact and proximate cause ofMs. Lloyd's injuries.

138.

**WHEREFORE,** Plaintiff respectfully prays this Court: (1) enter a judgment against Defendant Holbrook, the City of Oakwood; (2) award Plaintiff compensatory damages and special damages in excess of $103,000.00; (3) award Plaintiff General Damages (4) award Plaintiff punitive damages; and (5) award Plaintiff all other relief deemed proper by the Court.

## *RESPONDEAT SUPERIOR*

139.

Plaintiff hereby incorporates by reference the allegations contained paragraphs, 1-138, as if fully set forth herein.

140.

At the time of the accident, Defendant Holbrook was acting within the scope of his employment with the City of Oakwood.

142.

Defendant City of Oakwood and the City of Oakwood Police Department are responsible for Defendant Holbrook's actions under the doctrine of *respondeat superior*, agency or apparent agency.

143.

At the aforesaid date and time, Defendant Holbrook was an employee of Defendant City of Oakwood.

144.

At the aforesaid date and time, Defendant Holbrook was acting as an agent for Defendant City of Oakwood and the City of Oakwood Police Department, and under Chief Hatch's command and control.  Therefore, the negligence and carelessness of Defendant Holbrook is attributable and imputable to Defendant City of Oakwood, and/or Chief Hatch.

145.

At all relevant times hereto, Defendant City of Oakwood had a right of control over Defendant Holbrook, who was acting under Defendant City of Oakwood and Chief Hatch's command, and in the scope and prosecution of Defendant City of Oakwood's business.

146.

Under the doctrine of *respondeat superior*, the master, Defendant City of Oakwood is liable for the wrongful acts of the servant, Defendant Holbrook, resulting in the injury to the Plaintiff.

**PUNITIVE DAMAGES**

147.

Plaintiff hereby incorporates by reference the allegations contained paragraphs, 1-146, as if fully set forth herein.

148.

Officer Holbrook acted with malicious or evil intent or in callous disregard of Ms. Lloyd's federally protected rights. *Smith v. Wade*, 461 U.S. 30 (1983) (holding punitive damages available under § 1983).

149.

Plaintiff is entitled to an award of punitive damages against Defendant Holbrook because his actions showed reckless or callous indifference to Plaintiff's federally protected rights such that to entitle her to punitive damages, pursuant to

42 U.S.C. § 1983 as well as any other Federal statutory or common law basis

150.

Further, Defendant Holbrook's actions show willful misconduct, malice, wantonness, oppression, and the entire want of care which raises the presumption of conscious indifference to the consequences. O.C.G.A. § 51-12-5.1.

151.

The allegations in this case warrant the imposition of punitive damages to punish, penalize, and deter future egregious conduct.

**PRAYER FOR RELIEF**

Plaintiff, Ms. Lloyd, prays that a judgment be entered against Defendants accordingly as set forth above and for the following relief:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiff be awarded all general, special, compensatory, economic, punitive, derivative, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

d) Plaintiff be awarded attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

e) Plaintiff be awarded punitive damages;

f)      Plaintiff be awarded interest and costs;

g)      Plaintiff be awarded a trial by jury; and

h)      Plaintiff have such other relief as this Court deems just and

appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED

    This 22nd day of September, 2024.


                                Respectfully submitted,


                                /s/ *Stephen Wasley*_____
                                Stephen J. Wasley (member Northern
                                District) Ga. Bar No. 739627
                                Stephen J. Wasley, PC
                                P.O. Box 3507
                                Suwanee, GA 30024
                                Tel: 404-754-9677
                                *swasley@wasleylawfirm.com*

                                /s/ *William Brownell*_____
                                William M. Brownell, Jr. (member
                                Northern District) Ga. Bar No. 090035
                                The Brownell Law Office
                                500 Spring Street, S.E.
                                Suite 204
                                Gainesville, GA 30501
                                Tel: 770-536-1627
                                *BrownellLawBB@aol.com*

                                Attorneys for the Plaintiff